1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                           SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,
                                         HONORABLE PAUL D. BORMAN

   v.                                    No. 00-80581

WAYNE WERTH,

          Defendant.
_____/


              SUPERVISED RELEASE VIOLATION HEARING

                      Friday, May 29, 2009

                           3:46 p.m.


APPEARANCES:

   For the Plaintiff:         KATHRYN A. MCCARTHY
                              U.S. Attorneys' Office
                              211 West Fort Street
                              Suite 2001
                              Detroit, Michigan  48226
                              (313) 226-9100


   For the Defendant:         CORBETT E. O'MEARA
                              Law Offices of
                              Corbett Edge O'Meara
                              500 Griswold
                              Suite 2340
                              Detroit, Michigan  48226
                              (313) 625-6545




              To Obtain Certified Transcript, Contact:
              Leann S. Lizza, CSR-3746, RPR, CRR, RMR
                          (313) 965-7510
```

**TABLE OF CONTENTS**

| Hearing | Page |
|---|---|
| Supervised release violation hearing | 3 |

| Exhibits: | Received |
|---|---|
| (None offered.) | |

**SUPERVISED RELEASE VIOLATION HEARING** 3

|   |   |
|---|---|
| 1 | May 29, 2009 |
| 2 | Detroit, Michigan |
| 3 | - - - |
| 4 | (Call to order of the court, 3:46 p.m.) |
| 5 | (Court, Counsel and Defendant present.) |
| 6 | THE COURT CLERK: *United States of America versus* |
| 7 | *Wayne Werth*, 00-80581. |
| 8 | THE COURT: Okay. Parties please identify themselves |
| 9 | for the record. |
| 10 | MS. MCCARTHY: Kathryn McCarthy for the United States, |
| 11 | Your Honor. |
| 12 | MR. O'MEARA: Good afternoon, Your Honor. Corbett |
| 13 | O'Meara appearing on behalf of Mr. Werth, who is present in |
| 14 | court. |
| 15 | THE COURT: Okay. Good afternoon, Mr. Werth. |
| 16 | THE DEFENDANT: Good afternoon, sir. |
| 17 | THE COURT: Okay. This is a petition based on an |
| 18 | additional violation of standard condition number seven, |
| 19 | Defendant shall not -- refrain from excessive use of alcohol, |
| 20 | not use or distribute controlled substances. |
| 21 | Did you get a copy of this, Mr. O'Meara? |
| 22 | MR. O'MEARA: I did, Your Honor. |
| 23 | THE COURT: Did you show it to your client? |
| 24 | MR. O'MEARA: Yes, sir. |
| 25 | THE COURT: Mr. Werth, you go over it? |

1        THE DEFENDANT:  Yes.

2        THE COURT:  Okay.  Also, my understanding is your
3   client has admitted to the use of cocaine as well.  So do you
4   want to speak with regard to the sentence with regard to
5   supervised release, Mr. O'Meara, and then Mr. Werth, then Miss
6   McCarthy.

7        MR. O'MEARA:  Very briefly, Your Honor, because I am
8   aware that the Court has great understanding of Mr. Werth and
9   has spent a long time with his case.  I did the most -- what
10  Mr. Werth cares about the most is that he be allowed to finish
11  the school that he's in right now, and he is certainly mindful
12  of the fact that the Court was very generous last time and may
13  not be as generous today.  I submitted a letter that Cindy
14  Lang, who I talked to, who's the director of the Learning
15  Institute apparently.  The important parts of it --

16       THE COURT:  Lang is L-A-N-G, and it's the Industrial
17  Control Repair.  That's what the facsimile is from, and it's
18  called the Learning Institute.

19       THE DEFENDANT:  Yes, it is.  I apologize, Your Honor.
20  And she is the director, apparently.  And I did speak with her
21  on the phone and for quite some time, and she is, as the letter
22  indicates, very impressed with Mr. Werth and his -- how
23  seriously he's taken the program and how well he's doing, but
24  also she indicated to me that Dennis Winder, who's the
25  individual we submitted a letter, a handwritten letter, a faxed

1   letter last time indicating that he knew Mr. Werth and had
2   actual employment ready for Mr. Werth when he completes this
3   program and he's acting as a mentor for Mr. Werth.  Ms. Lang
4   confirms that Mr. Winder is a real participant in the industry,
5   in the robotics industry.  He's not just somebody who's writing
6   a letter, that he's somebody she's familiar with and somebody
7   who has participated with her school and her students.  Also,
8   in the letter it indicates that Mr. Werth has -- the State of
9   Michigan and Mr. Werth and the federal government and
10  Mr. Werth's father have all contributed a lot money to this
11  program.  If he's going to be locked up, and he certainly
12  accepts that that's a very real possibility, he'd like to be
13  delayed long enough so that he can complete the program, under
14  whatever conditions the Court fashions in order to satisfy the
15  Court, that he and society are being protected.
16              THE COURT:  Mr. Werth, do you wish to speak?
17              THE DEFENDANT:  Yes, sir.  I was picked up from the
18  State, federal seven years, approximately eight years ago, and
19  I had made a promise to myself, to my family that day and I
20  carried it through up until like 18 months ago, and I just two
21  days before this court date, this last court date, I mean I
22  gave up, man.  I gave up.  I just gave up.  I was promised a
23  job upon finishing school in Kentucky.  I came up in December,
24  no job.  Industry's bad.  I'm working construction.  I'm -- I
25  need to know these robots.  I don't know what to do.  They

1   can't get me in nowhere.  They finally got me in class.  Got
2   this other ignorant violation on my part, and I just -- the
3   last, I mean, it's no excuse.  Two days before I came to court,
4   I just gave up, man.  I'm on track.  I go to NA meetings.  My
5   sponsor's here.  I went to a Doug (phonetic) hearing.  I think
6   he's recommended that I see a psychiatrist, that I see him
7   twice a week.  I'm on color code.  I dropped a urinalysis
8   yesterday.  Orange.  And I mean I'm back on track.  I'm going
9   to stay clean for the whole -- 18 months, 19 months.  I just
10  thought I had this stuff beat, and at a bar.
11          THE COURT:  Miss McCarthy, anything you want to say?
12          MS. MCCARTHY:  Judge, I was the AUSA on the underlying
13  case, and I remember Mr. Werth from many years ago when we were
14  first before the Court.  I remember his criminal record from
15  many years ago when we were first before the Court and the
16  sentence that was imposed in this case which was the result of
17  government motion under 5K.
18          Mr. Werth is an individual who shows some promise, but
19  he more often shows self-sabotage, and I think that's the case
20  in this instance as well.  I think the Court gave him a
21  significant break by agreeing to delay sentencing originally
22  for 60 days in this matter, and once again, here we are before
23  the Court with not only a supervised release violation but
24  actual violations of the criminal law because of the nature of
25  the substances which he was clearly in possession of.  So with

1  that in mind, Your Honor, I think a term of incarceration is
2  appropriate.
3           THE COURT: Okay. The Court has before it the
4  supervised release violation of Mr. Wayne Werth. This is a
5  very serious violation. We've been here before dealing with
6  Mr. Werth, and I'd hoped things would get better. Instead,
7  they seem to have really gotten off the track in a bad way with
8  the use of cocaine.
9           The circumstance of the offense are serious. He's on
10 supervised release. He's using cocaine. There's a need for
11 sentence to reflect seriousness of the offense, promote respect
12 for the law, afford deterrence, protect the public, and also to
13 provide Mr. Werth with the necessary drug treatment program
14 that he completed. And, accordingly, for those reasons, the
15 Court feels that it is necessary to impose a sentence. And
16 pursuant to Sentencing Reform Act and the guidelines and the
17 information before the Court, the Court is going to sentence
18 Mr. Werth to a period of incarceration for 24 months. There
19 will be no supervision after he's done. This will give him
20 time to finish the program, and because basically he is out of
21 control, I believe, in terms of drug problems right now I'm
22 going to have him remanded immediately to begin his term of
23 incarceration. I have no other alternative. Good luck.
24          MS. MCCARTHY: Your Honor, if I may recommend to the
25 Court the 500-hour drug program.

**SUPERVISED RELEASE VIOLATION HEARING**   8

1  THE COURT: I would recommend the 500-hour drug
2  program. He's very needy of it.
3  MS. MCCARTHY: Thank you.
4  MR. O'MEARA: Thank you very much, Your Honor.
5  (Proceedings concluded, 3:54 p.m.)
6             -  -  -
7           CERTIFICATION OF REPORTER
8
9    I, Leann S. Lizza, do hereby certify that the above-entitled
10 matter was taken before me at the time and place hereinbefore
11 set forth; that the proceedings were duly recorded by me
12 stenographically and reduced to computer transcription; that
13 this is a true, full and correct transcript of my stenographic
14 notes so taken; and that I am not related to, nor of counsel to
15 either party, nor interested in the event of this cause.
16
17
18 S/Leann S. Lizza                                    4-10-12
19 Leann S. Lizza, CSR-3746, RPR, CRR, RMR             Date
20
21
22
23
24
25

**USA v. WERTH, 00-80581**